UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00164-GNS

R.O.A.                                                                                                    PETITIONER

v.

MIKE LEWIS, in his official capacity as
Hopkins County Jailer;
SAMUEL OLSEN, Field Office Director
ICE Chicago Field Office
TODD LYONS, in his official capacity as
Acting Director of Immigration and
Customs Enforcement;
KRISTI NOEM, Secretary of Homeland Security; and
PAMELA BONDI, U.S. Attorney General                                         RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1). The Court held a show cause hearing on December 16, 2025.

There is no dispute that R.O.A.'s detention is governed by 8 U.S.C. § 1231. (Pet. ¶¶ 58-61, DN 1; Resp'ts' Resp. Show Cause Order 1, DN 11). "Section 1231 generally governs the process for when noncitizens are detained, issued an order of removal, and subject to removal and supervision." *K.E.O. v. Woosley*, No. 4:25-CV-00074-RGJ, 2025 WL 2553394, at *3 (W.D. Ky. Sept. 4, 2025). "If the [noncitizen] does not leave or is not removed within the removal period, [] [she], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). A noncitizen may be placed under an Order of Supervision ("OSUP") if she "demonstrates to the satisfaction of the Attorney General . . . her release will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending [] [her] removal from the United States." 8 C.F.R. §

1

241.4(d)(1). "Absent the noncitizen's violation of their conditions of release, in very limited circumstances, certain ICE officials have the 'authority, in the exercise of discretion, to revoke release and return to [ICE] custody an alien previously approved for release under the procedures in this section.'" *K.E.O.*, 2025 WL 2553394, at *3 (alteration in original) (quoting 8 C.F.R. § 241.4(*l*)(2)).

> The applicable regulations provide:
>
> Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:
> (i)     The purposes of release have been served;
> (ii)    The alien violates any condition of release;
> (iii)   It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or
> (iv)    The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

8 C.F.R. § 241.4(*l*)(2). In both their response to the Show Cause Order and during the hearing, Respondents conceded that "[s]ince the Respondents received notice of the Petition, they have attempted to identify and locate all relevant records, but a notice of revocation of supervision issued at the time of Petitioner's detention has not been located." (Resp'ts' Resp. Show Cause Order 3-4). "These regulations [relating to Section 1231] plainly provide due process protections to aliens following the removal period as they are considered for continued detention, release, and then possible revocation of release . . . ." *Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025).

Respondents failed to follow their own regulations, and the revocation of R.O.A.'s OSUP and her continued detention are both unlawful and violate her Fifth Amendment right to due process of law. *See K.E.O.*, 2025 WL 2553394, at *6; *Orellana*, 2025 WL 2444087, at *8. "The Supreme Court has recognized that a federal agency's failure to comply with its own regulations generally renders the associated agency action unlawful." *Orellana*, 2025 WL 2444087, at *5

(citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)). During the hearing, Respondents also acknowledged that there was no basis to oppose R.O.A.'s immediate release.

"Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). As the Supreme Court has explained:

> The scope and flexibility of the writ [of habeas corpus]—its capacity to reach all manner of illegal detention—its ability to cut through barriers of form and procedural mazes—have always been emphasized and jealously guarded by courts and lawmakers. The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected."

*Harris v. Nelson*, 394 U.S. 286, 291 (1969); *see also Malam v. Adducci*, 452 F. Supp. 3d 643, 661 (E.D. Mich. 2020) ("Release from custody represents the only adequate remedy in this case, and it is within this Court's broad equitable power to grant it." (citing *Swann*, 402 U.S. at 15-16)). Under the circumstances of this case and based upon Respondents' failure to comply with federal law and their violation of R.O.A.'s constitutional rights, the Court further enjoins Respondents from re-arresting or re-detaining R.O.A. absent full and strict compliance with federal law.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. The United States is directed to release Petitioner R.O.A. from custody **IMMEDIATELY**.

2. Respondents are further **ENJOINED** from arresting or re-detaining R.O.A. absent full and strict compliance with all regulatory and constitutional requirements, including, but not

limited to, 8 C.F.R. §§ 241.4 and 241.13 and the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

Greg N. Stivers, Judge
United States District Court
December 18, 2025

cc: counsel of record